IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF STATE; REX TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Civil Action No. |

# [PROPOSED] TEMPORARY RESTRAINING ORDER

This matter came before the Court on Plaintiff's Motion for Temporary Restraining Order. The Court has considered the motion and documents filed therewith, including declarations, the State of Hawaiʻi's Complaint for Declaratory and Injunctive Relief, and the arguments of counsel provided at an emergency hearing held _____, at _____a.m./p.m. Having considered the foregoing, the Court hereby finds and concludes as follows.

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff faces an immediate and irreparable injury as a result of the issuance and implementation of the Executive Order issued by Defendant Donald J. Trump on January 27, 2017 (the "Executive Order"). The Executive Order affects the employment, education, business, and travel of Plaintiff's residents, and harms the State of Hawaiʻi itself through negative impacts upon its economy, revenues, students, and sovereignty.

The foregoing harms are ongoing and significant.

A temporary restraining order against Defendants, in the manner set forth below, is necessary until a determination of the merits of Plaintiff's claims may be held.

Plaintiff took the following reasonable steps to provide sufficient notice to Defendants as to its intention to file the instant motion:

   a. Plaintiff delivered a copy of the Complaint and instant motion papers to the United States Attorney for the District of Hawaiʻi;

   b. Plaintiff sent a copy of the same documents by certified mail to the Attorney General of the United States; and

   c. Plaintiff called the office of the United States Attorney for the District of Hawaiʻi on February 3, 2017 to notify that office of Plaintiff's intention to file the instant motion later the same day.

The Court has jurisdiction over Defendants and the subject matter of this case.

Plaintiff's efforts to contact Defendants reasonably and substantially complied with the requirements of Federal Rule of Civil Procedure 65(b).

No security bond is required under Federal Rule of Civil Procedure 65(c).

To obtain a temporary restraining order, Plaintiff must establish: (1) a likelihood of success on the merits; (2) that irreparable harm is likely in the absence of preliminary relief; (3) that the balance of the equities tips in Plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Based on the foregoing, there is a strong likelihood that Plaintiff will succeed on the merits of its claim, and irreparable injury is likely if the requested relief is not issued.

The balance of the equities favors Plaintiff, and the public interest favors entering temporary relief.

## TEMPORARY RESTRAINING ORDER

Now, therefore, it is hereby ADJUDGED, ORDERED, and DECREED that:

1. Defendants and all their respective officers, agents, servants, employees, and attorneys, and persons in active concert or participation with them who receive actual notice of this Order, hereby are enjoined fully from enforcing

or implementing Sections 3(c), 5(a)-(c), and 5(e) of the Executive Order across the Nation. Enforcement of these provisions at all United States borders, ports of entry, and in the issuance of visas is prohibited, pending further orders from this Court; and

  2. Pursuant to Federal Rule of Civil Procedure 65(b)(2), the Court sets an expedited hearing for _____ to determine whether this Temporary Restraining Order should be extended.

DATED: Honolulu, Hawai'i, _____.

              _____
              U.S. District Judge