DOUGLAS S. CHIN (Bar No. 6465)
  Attorney General of the State of Hawai‘i
CLYDE J. WADSWORTH (Bar No. 8495)
  Solicitor General of the State of Hawai‘i
DEIRDRE MARIE-IHA (Bar No. 7923)
DEPARTMENT OF THE ATTORNEY
  GENERAL, STATE OF HAWAI‘I
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239
Email: deirdre.marie-iha@hawaii.gov

NEAL K. KATYAL*
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Fax: (202) 637-5910
Email:
neal.katyal@hoganlovells.com

*Pro Hac Vice

*Attorneys for Plaintiff, State of Hawai‘i*
(See Next Page For Additional Counsel)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| STATE OF HAWAI‘I,<br><br>                                  Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of Homeland Security; REX TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA,<br><br>                                  Defendants. | Civil Action No. 1:17-CV-00050<br><br>**STATE OF HAWAII'S OPPOSITION TO UNITED STATES' EMERGENCY MOTION TO STAY ALL DEADLINES PENDING RESOLUTION OF APPELLATE PROCEEDINGS REGARDING NATIONWIDE INJUNCTION** |

# ADDITIONAL COUNSEL

KIMBERLY T. GUIDRY (Bar No. 7813)
DONNA H. KALAMA (Bar No. 6051)
ROBERT T. NAKATSUJI (Bar No. 6743)
  Deputy Attorneys General
DEPARTMENT OF THE ATTORNEY
  GENERAL, STATE OF HAWAI'I
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239

COLLEEN ROH SINZDAK*
MITCHELL P. REICH*
ELIZABETH HAGERTY**
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Fax: (202) 637-5910

THOMAS P. SCHMIDT*
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Fax: (212) 918-3100

SARA SOLOW*
ALEXANDER B. BOWERMAN*
HOGAN LOVELLS US LLP
1835 Market St., 29th Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
Fax: (267) 675-4601

*Pro Hac Vice Applications Forthcoming*

*** Pro Hac Vice*

*Attorneys for Plaintiff, State of Hawai'i*

# INTRODUCTION

On Friday, February 3, 2017, the State of Hawaiʻi filed its complaint challenging President Trump's Executive Order dated January 27, 2017, based upon its patent unconstitutionality and inconsistency with federal statutes. That same day, Hawaiʻi moved for a temporary restraining order asking this Court to immediately bar implementation of the Executive Order nationwide. This Court immediately ordered the hearing for Wednesday, February 8, 2017.

That hearing should be allowed to go forward.

The Government asks this Court to postpone the hearing until the Ninth Circuit proceedings in *Washington v. Trump* CITE are resolved. In the alternative, the Government suggests that if the nationwide stay imposed in the Washington case is no longer in effect, it is amenable to an order requiring the Government to respond to Hawaii's motion for a temporary restraining order within 48 hours. This Court should reject both of these options. Neither approach would solve the problems that would arise if, for any reason, the Executive Order went back into effect with Hawaii's claims unadjudicated. Indeed, both options deliberately *allow* that possibility to occur. Just hours ago, "Sean Spicer, the White House press secretary, said the administration stood ready to reinstate the entire ban. 'Once we win the case, it will go right back into action,' he said." The White House has already announced that, if the Ninth Circuit grants the stay, the order "will go right

back into action."  *See* https://www.nytimes.com/2017/02/06/us/politics/trump-travel-ban-court.html.

The constitutionality and legality of the Executive Order are grave questions of national importance.  The order raises the specter of the rank discrimination in America's past.  It has sparked protests nationwide, including at the Honolulu International Airport.  Hawaiʻi families have been torn apart; their lives upended.  *See* Doc 1 (Compl.) at ¶¶ 2, 3, 55, 56, 57, 58, 59, 65, 66, 68, 69.  It would cause Hawaiʻi irreparable harm for this illegal order to be in place for any amount of time, and the Court should not accede to a briefing and argument schedule that would—under the White House's admission earlier today—allow that very thing to happen.

## ARGUMENT

*First*, the Government's invocation of judicial efficiency is misplaced.  Its proposals would not address the problem inherent in allowing the Executive Order to go *back into effect*.  That is exactly the same harm the TRO motion sought to prevent when filed.  The Government's motion essentially asks this Court to bless a scenario in which the Executive Order has gone back into effect after the orders from other courts have been lifted or expired.  This would necessarily involve a window of time—certainly longer than 48 hours since it would require briefing and argument—during which the Executive Order was once more causing all the harms

2

it caused before.  Moving forward with the TRO hearing now, however, would mitigate that risk.

*Second*, the Government's assertion that the TRO hearing will pose a risk of potential inconsistency within the Ninth Circuit is not relevant.  If any inconsistency develops, that is something for the Ninth Circuit to resolve.  This Court need not stay its hand to avoid that; that is what appellate jurisdiction is for.  And while no one disputes that Ninth Circuit precedent binds this Court, it is quite possible that no precedent will be generated now at all.  It is an open question whether the Ninth Circuit has jurisdiction over the Government's appeal.  *See Wilson v. U.S. Dist. Court for Northern Dist. of California*, 161 F.3d 1185, 1187 (9th Cir. 1998) (TRO "cannot be appealed as of right, but is limited to the consideration of a petition for mandamus.")  The Government has not filed a petition for writ of mandamus in the Washington case.

*Third*, the Government's assertion of potential harm to itself is equally misplaced.  The Government can have no legitimate interest in continuing to implement an unconstitutional order.  Just as importantly, a 48-hour window in which to respond to Hawaii's motion would exacerbate the continued confusion about the Executive Order.  Such a window would allow the Executive Order to go back into effect not just for the 48 hours offered, but an even longer period before this Court could hear and rule on the TRO.  The Government suggests that it is

hard for them to brief and argue in two courts, despite the massive resources of the federal government and their own claim that the issues in this case are similar to those before the Ninth Circuit. That is not reason enough, given the stakes.

Holding the hearing as scheduled would minimize these risks. Hawaiʻi notes that this Court need not necessarily *rule* on Wednesday; it could simply stick to the briefing schedule and hold the hearing. If desired, the Court could await the Ninth Circuit's ruling and be prepared to rule immediately if necessary, having already heard the arguments of the parties. The issues at stake certainly deserve that level of caution. Should the TRO issued by a sister court dissolve or otherwise be lifted, even *one hour* of the Executive Order's resurgence would be one hour too many. Forty-eight would be worse. Simply by attempting to board an airplane at the wrong moment, yet another family would be split apart. And the Constitution would be applied in a manner that is mercurial, arbitrary, and unfair. Going forward poses none of those risks.

At a minimum, if the Court wishes to postpone the hearing, it should do so only if the Government agrees *not* to implement the Executive Order provisions at issue, nationwide, until this Court has a chance to rule on them.

## CONCLUSION

This is no time to shut the courthouse door. The Executive Order evokes a dark period of Hawaii's history. Hawaii's citizens recall the Government's prior

4

Executive Order, based upon national security, authorizing the internment of citizens and non-citizens due to nothing more than their Japanese ancestry. Hawaii's majority-minority population includes the descendants of those who survived such discrimination. This Court should not thwart Hawaii's timely attempt to prevent that from happening again: The motion should be denied.

DATED:   Honolulu, Hawai'i, February 6, 2017.

Respectfully submitted,

*/s/ Douglas S. Chin*

| | |
|---|---|
| NEAL K. KATYAL** | DOUGLAS S. CHIN (Bar No. 6465) |
| COLLEEN ROH SINZDAK* |   Attorney General of the State of Hawai'i |
| MITCHELL P. REICH* | CLYDE J. WADSWORTH (Bar No. 8495) |
| ELIZABETH HAGERTY** |   Solicitor General of the State of Hawai'i |
| THOMAS P. SCHMIDT* | DEIRDRE MARIE-IHA (Bar No. 7923) |
| SARA SOLOW* | KIMBERLY T. GUIDRY (Bar No. 7813) |
| ALEXANDER B. BOWERMAN* | DONNA H. KALAMA (Bar No. 6051) |
| HOGAN LOVELLS US LLP | ROBERT T. NAKATSUJI (Bar No. 6743) |
| |   Deputy Attorneys General |
| **Pro Hac Vice* | DEPARTMENT OF THE ATTORNEY |
| *Pro Hac Vice Forthcoming* |   GENERAL, STATE OF HAWAI'I |

*Attorneys for Plaintiff, State of Hawai'i*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI,<br><br>  Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*<br><br>  Defendants. | Civil No. 17-00050-DKW-KJM |

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of State of Hawaii's Opposition to United States' Emergency Motion to Stay All Deadlines Pending Resolution of Appellate Proceedings regarding Nationwide Injunction was electronically served through CM/ECF on February 6, 2017:

Florence T. Nakakuni, Esq.        florence.nakakuni@usdoj.gov

Michelle R. Bennett, Esq.         michelle.bennett@usdoj.gov

DATED: Honolulu, Hawaiʻi, February 6, 2017.

*/s/ Douglas S. Chin*

| | |
|---|---|
| NEAL K. KATYAL** | DOUGLAS S. CHIN (Bar No. 6465) |
| COLLEEN ROH SINZDAK* |   Attorney General of the State of Hawaiʻi |
| MITCHELL P. REICH* | CLYDE J. WADSWORTH (Bar No. 8495) |
| ELIZABETH HAGERTY** |   Solicitor General of the State of Hawaiʻi |
| THOMAS P. SCHMIDT* | DEIRDRE MARIE-IHA (Bar No. 7923) |
| SARA SOLOW* | KIMBERLY T. GUIDRY (Bar No. 7813) |
| ALEXANDER B. BOWERMAN* | DONNA H. KALAMA (Bar No. 6051) |

1

2

| | |
|---|---|
| HOGAN LOVELLS US LLP | ROBERT T. NAKATSUJI (Bar No. 6743) |
| | Deputy Attorneys General |
| *\*\*Pro Hac Vice* | DEPARTMENT OF THE ATTORNEY |
| *\*Pro Hac Vice Forthcoming* | GENERAL, STATE OF HAWAIʻI |

*Attorneys for Plaintiff, State of Hawaiʻi*