| | |
|---|---|
| DOUGLAS S. CHIN (Bar No. 6465)<br>  Attorney General of the State of Hawaiʻi<br>CLYDE J. WADSWORTH (Bar No. 8495)<br>  Solicitor General of the State of Hawaiʻi<br>DEIRDRE MARIE-IHA (Bar No. 7923)<br>DEPARTMENT OF THE ATTORNEY<br>  GENERAL, STATE OF HAWAIʻI<br>425 Queen Street<br>Honolulu, HI 96813<br>Telephone: (808) 586-1500<br>Fax: (808) 586-1239<br>Email: deirdre.marie-iha@hawaii.gov | NEAL K. KATYAL*<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Fax: (202) 637-5910<br>Email:<br>neal.katyal@hoganlovells.com<br><br>*Admitted Pro Hac Vice |

*Attorneys for Plaintiff, State of Hawaiʻi*
(See Next Page For Additional Counsel)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI,<br><br>    Plaintiff,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF STATE; REX TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA,<br><br>    Defendants. | Civil Action No. 1:17-cv-00050-DKW-KJM |

**PLAINTIFF'S MOTION TO PARTIALLY LIFT STAY**

# ADDITIONAL COUNSEL

KIMBERLY T. GUIDRY (Bar No. 7813)
DONNA H. KALAMA (Bar No. 6051)
ROBERT T. NAKATSUJI (Bar No. 6743)
  Deputy Attorneys General
DEPARTMENT OF THE ATTORNEY
  GENERAL, STATE OF HAWAI'I
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239

COLLEEN ROH SINZDAK*
MITCHELL P. REICH*
ELIZABETH HAGERTY**
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Fax: (202) 637-5910

THOMAS P. SCHMIDT*
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Fax: (212) 918-3100

SARA SOLOW*
ALEXANDER B. BOWERMAN*
HOGAN LOVELLS US LLP
1835 Market St., 29th Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
Fax: (267) 675-4601

*Pro Hac Vice Applications
Forthcoming
**Admitted Pro Hac Vice

*Attorneys for Plaintiff, State of Hawai'i*

# PLAINTIFF'S MOTION TO PARTIALLY LIFT STAY

Pursuant to Local Rule 7.6 for the United States District Court for the District of Hawaiʻi and Rules 7 and 15(a) of the Federal Rules of Civil Procedure, Plaintiff State of Hawaiʻi (the "State"), by and through its counsel, respectfully requests that the Court immediately partially lift the February 7, 2017 Order staying these proceedings (Dkt. No. 27) for the limited purpose of allowing the State to file: (1) the attached Proposed First Amended Complaint, and (2) the attached Declaration of Clyde J. Wadsworth Regarding Exhibit C to Declaration of Douglas S. Chin in Support of Plaintiff's Motion for Temporary Restraining Order ("Wadsworth Declaration").

Specifically, the State seeks to add in its Proposed First Amended Complaint limited additional allegations and revised claims, as well as another Plaintiff: Mr. Ismail Elshikh, PhD, the Imam of the Muslim Association of Hawaiʻi and the declarant for Exhibit H to the Declaration of Douglas S. Chin in Support of Plaintiff's Motion for Temporary Restraining Order, filed publicly on February 3, 2017 (Dkt. No. 10-8). The Wadsworth Declaration additionally provides an update to the Court regarding the factual circumstances presented in the Declaration of John Doe 3, filed as Exhibit C to the Declaration of Douglas S. Chin in Support of Plaintiff's Motion for Temporary Restraining Order ("Chin Declaration") (Dkt. No. 10-3). Permitting these filings will not prejudice Defendants and will allow

the Court to review a complete and updated set of facts, parties, and claims in this litigation, particularly in view of related case developments in other courts.

## FACTUAL AND PROCEDURAL BACKGROUND

The State filed its Complaint fewer than twenty-one days ago, on February 3, 2017. The Complaint was filed on behalf of the State of Hawaiʻi and did not present the claims of individual, non-government plaintiffs. *See* Compl. (Dkt. No. 1). On the same day, the State also filed Plaintiff's Motion for Temporary Restraining Order (Dkt. No. 2) and the accompanying Chin Declaration (Dkt. No. 10). Exhibit C to the Chin Declaration was a Declaration of John Doe 3 (Dkt. No. 10-3). Sealed copies of the Declaration of John Doe 3 were submitted for the Court's *in camera* review, pursuant to the State's concurrently filed *Ex Parte* Motion for In Camera Review of Exhibits A, B, and C to Chin Declaration (Dkt. No. 15).

As the Court is aware, facts pertinent to this litigation quickly are developing in Hawaiʻi and around the country. On February 7, 2017, in response to Defendants' Emergency Motion to Stay All Deadlines Pending Resolution of Appellate Proceedings Regarding Nationwide Injunction (Dkt. No. 23), the Court entered an Order staying this matter as long as the February 3, 2017 injunction entered in *Washington v. Trump*, 2:17-cv-141 (W.D. Wash.), remains in place, or until further order of the Court. Dkt. No. 27. Almost simultaneously with the

Court's Order, however, facts relevant to the family circumstances discussed in the Declaration of John Doe 3 (Dkt. No. 10-3) changed. In addition, Mr. Elshikh and the State of Hawaiʻi now wish to present their claims as co-plaintiffs; the State's Proposed First Amended Complaint conforms the allegations and contours of the claims in the original Complaint to reflect current facts and the addition of Mr. Elshikh as a plaintiff.

## ARGUMENT

Federal Rule of Civil Procedure 15(a) permits parties to amend their pleadings once as a matter of course within twenty-one days of filing, and allows for supplemental amendments "when justice so requires." Fed. R. Civ. P. 15(a)(1), (2). Plaintiffs may add additional parties, claims, or both to an amended complaint. Local Rule 7.6 for the United States District Court for the District of Hawaiʻi further requires that "[f]actual contentions made in support of or in opposition to any motion shall be supported by affidavits or declarations," and that "[a]ny statement made upon information or belief shall specify the basis therefor."

Because the Court's February 7, 2017 Order staying the proceedings remains in place (Dkt. No. 23), the State requests that the Court issue an additional order partially lifting the stay for the limited purpose of filing the attached Proposed First Amended Complaint and Wadsworth Declaration. The State's ability to amend its complaint normally should follow as a matter of course within twenty-one days of

5

its initial filing; even if it did not, justice would require that the State be given leave to permit such amendment under the circumstances. Fed. R. Civ. P. 15(a). The State has moved efficiently to prepare the attached Proposed First Amended Complaint and Wadsworth Declaration with the objective of providing this Court with an accurate set of facts, parties, and claims presented. The Wadsworth Declaration, which provides the Court with updated details regarding the contents of the Declaration of John Doe 3 (Dkt. No. 10-3), also ensures that factual contentions made in support of Plaintiff's Motion for Temporary Restraining Order are accurately supported, consistent with Local Rule 7.6.

Moreover, given the fast-paced, multi-forum nature of this litigation, the State might seek to intervene in other proceedings occurring while the stay in this Court remains in place. Proceedings in other Districts, the Courts of Appeals, or the United States Supreme Court could impact the resolution of the State's claims in this Court. As a result, it is urgent and imperative to the administration of justice that the State be able to assert all of its claims in this proceeding before intervening in others, and that Mr. Elshikh, who may be properly joined as a Plaintiff, have an opportunity to assert his claims. *See* Fed. R. Civ. P. 15(a).

## CONCLUSION

For the foregoing reasons, the State respectfully asks the Court to immediately partially lift the stay entered on February 7, 2017, to allow the State

and Mr. Elshikh to file publicly the attached Proposed First Amended Complaint and the Wadsworth Declaration.

DATED: Honolulu, Hawai'i, February 8, 2017.

Respectfully submitted,

*/s/ Neal K. Katyal*

| | |
|---|---|
| NEAL K. KATYAL** | DOUGLAS S. CHIN (Bar No. 6465) |
| COLLEEN ROH SINZDAK* | Attorney General of the State of Hawai'i |
| MITCHELL P. REICH* | CLYDE J. WADSWORTH (Bar No. 8495) |
| ELIZABETH HAGERTY** | |
| THOMAS P. SCHMIDT* | Solicitor General of the State of Hawai'i |
| SARA SOLOW* | DEIRDRE MARIE-IHA (Bar No. 7923) |
| ALEXANDER B. BOWERMAN* | KIMBERLY T. GUIDRY (Bar No. 7813) |
| HOGAN LOVELLS US LLP | DONNA H. KALAMA (Bar No. 6051) |
| | ROBERT T. NAKATSUJI (Bar No. 6743) |
| *Pro Hac Vice Applications Forthcoming | Deputy Attorneys General |
| **Admitted Pro Hac Vice | DEPARTMENT OF THE ATTORNEY GENERAL, STATE OF HAWAI'I |

*Attorneys for Plaintiff, State of Hawai'i*