IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | CV. NO. 17-00050 DKW-KJM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EMERGENCY MOTION TO STAY DEADLINES PENDING RESOLUTION OF APPELLATE PROCEEDINGS REGARDING NATIONWIDE INJUNCTION** |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EMERGENCY MOTION TO STAY DEADLINES PENDING RESOLUTION OF APPELLATE PROCEEDINGS REGARDING NATIONWIDE INJUNCTION**

**INTRODUCTION**

On February 3, 2017, the State of Hawaiʻi ("State") filed a Complaint for Injunctive and Declaratory Relief and a Motion for Temporary Restraining Order ("TRO") seeking to enjoin enforcement nationwide of Sections 3(c), 5(a)-5(c), and 5(e) of the January 27, 2017 Executive Order No. 13,769, entitled "Protecting the Nation from Foreign Terrorist Entry into the United States" (the "Executive Order"). Hours after the State's filings, a federal district judge from the Western District of

Washington entered an injunction that is substantively identical to the one requested here.  *See Washington v. Trump*, 2:17-cv-00141 (W.D. Wash. Feb. 3, 2017).

Defendants now seek an emergency stay of all deadlines in this case, pending resolution of another emergency stay and appeal filed by the United States in the United States Court of Appeals for the Ninth Circuit.  No. 17-35105 (9th Cir. 2017). Through its Ninth Circuit efforts, the United States seeks to invalidate or at least narrow the scope of the Western District of Washington's injunction.  The United States' emergency stay request was argued to a Ninth Circuit motions panel on February 7, 2017, and a decision is expected shortly.

Because the balance of relevant factors in the instant case – notably, the orderly course of justice and the balance of hardships to the parties while the existing injunction is in effect – weighs in favor of Defendants' request, the Emergency Motion to Stay is hereby GRANTED IN PART.  This matter is stayed so long as the Western District of Washington's February 3, 2017 injunction remains in place undisturbed, or until further order of this Court.  All pending deadlines and the hearing on the State's Motion for TRO are accordingly vacated.  All further relief requested by the Emergency Motion to Stay is DENIED.

## BACKGROUND

The State's Motion for TRO asserts that the Executive Order violates the Establishment Clause of the First Amendment and the Equal Protection and Due Process protections guaranteed by the United States Constitution. *See* Mem. in Supp. of Mot. for TRO, Dkt. No. 2-1 [hereinafter TRO Mem.]. The State also contends that the Executive Order violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 1001 *et seq.*, and three provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 *et seq.*—including its prohibitions on nationality- and religion-based classifications and its limited grant of presidential discretion to suspend entry into the United States by certain immigrant and non-immigrant classes under Section 212(f), as amended, 8 U.S.C. § 1182(f). *See* TRO Mem. at 26-32.

On February 3, 2017, almost immediately following the filing of the State's Complaint and Motion for TRO, the United States District Court for the Western District of Washington entered a nationwide TRO enjoining the federal defendants in that case from enforcing the same sections of the Executive Order that the State challenges here. *See* W.D. Wash. TRO, 2:17-cv-00141, Dkt. No. 52, at 5–6. On Saturday, February 4, 2017, the federal government defendants in the Western District of Washington case filed a notice of appeal (No. 2:17-cv-00141, Dkt. No.

53) and an emergency motion to stay the Western District of Washington injunction, pending resolution of defendants' appeal to the United States Court of Appeals for the Ninth Circuit (No. 17-35105, Dkt. No. 14).  On February 5, 2017, the Ninth Circuit denied the State of Hawaii's Emergency Motion to Intervene in the pending *Washington v. Trump* appeal but granted the State leave to file an *amicus* brief in that case.  Order, No. 17-35105, Dkt. No. 77 (ruling on Mot. to Intervene, No. 17-35105, Dkt. No. 21-1).  On February 7, 2017, the Ninth Circuit heard oral argument on the federal defendants' motion to stay the district court's TRO, pending appeal.  No. 17-35105, Dkt. Nos. 124 and 125.  A decision on that motion to stay is pending.

In the instant case, Defendants ask the Court to stay existing deadlines and proceedings pending resolution of the appeal of the Western District of Washington's February 3, 2017 TRO.  Alternatively, Defendants request that this Court issue a stay pending resolution of the appeal, but also mandate that if the Western District of Washington's nationwide injunction is no longer in effect, then Defendants would be required to file their response to the State's Motion for TRO within 48 hours without further order of this Court.

## DISCUSSION

### I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 255, for the same).

In determining whether to grant a motion to stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* at 1110 (citing *CMAX*, 300 F.2d at 268). Those interests include: (A) "the possible damage which may result from the granting of a stay," (B) "the hardship or inequity which a party may suffer in being required to go forward," and (C) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Moreover, "[t]he proponent of a stay bears the burden of establishing its need."

*Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255). Here, the Court finds that Defendants have met their burden.

## II. Analysis Of Factors

Having considered the relevant factors and in the exercise of its discretion, the Court concludes that a temporary stay of this action is appropriate during the pendency of related appellate proceedings so long as the nationwide injunction entered in *Washington v. Trump* remains in effect.

### A. Possible Damage Resulting From A Stay

The State of Hawaiʻi asks this Court to proceed on the merits of its case, despite the pending Ninth Circuit appeal from the Western District of Washington, and argues that the stay, if granted, will cause the State "irreparable harm." Mem. in Opp. to Gov't Mot. to Stay, Dkt. No. 25. Given the state of the proceedings, however, any prejudice to the State caused by a delay in the instant case will be minimal. That is, the Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit. As such, the State will not suffer irreparable damage of the kind discussed in *Landis*, 299 U.S. 248,[1] if the Court were to grant Defendants' motion to stay.

---

[1] *See, e.g.*, *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1067 (9th Cir. 2007) (holding that a "fair possibility" of damage to the party opposing the stay existed where an order granting the stay would effectively "force[ it] to enter into arbitration in a foreign country

Significantly, the State has procedural recourse from any possible prejudice that *could* result if "the Executive Order [goes] back into effect after the orders from other courts have been lifted or expired." Mem. in Opp. to Gov't Mot. to Stay at 2. That is because "[w]hen circumstances have changed such that the court's reasons for imposing [a] stay no longer exist or are inappropriate, the court may lift the stay." *Crawford v. Japan Airlines*, 2013 WL 2420715, at *6 (D. Haw. May 31, 2013) (quoting *Canady v. Erbe Elektromedizin GmbH,* 271 F. Supp. 2d 64, 74 (D.D.C. 2002)). *Accord CMAX*, 300 F.2d at 270 ("Should there be a substantial change in circumstances indicating that the trial should not be further delayed, [the party opposing the stay] may seek a district court order setting the case for trial.").

Moreover, a stay is permissible so long as it is "reasonable" in length. *See Dependable Highway*, 498 F.3d at 1067; *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979); *cf. Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term indefinite, we require a greater showing to justify it." (citation omitted)). Here, the expedited timeline of appellate proceedings that has already been on display before the Ninth Circuit in the Western

---

when it remains unclear whether [the opponents of the stay] even agreed to arbitrate and where a foreign court ha[d] already levied legal and equitable penalties against it"); *Int'l Longshore, Warehouse Union, Local 142 v. Hawaiian Waikiki Beach, Inc*., 2002 WL 32058429, at *9 (D. Haw. Dec. 13, 2002) (noting that the opposing party's former employees—"low-wage workers . . . , many of whom are elderly"—may suffer if adjudication of their right to severance pay was further delayed).

District of Washington case indicates that any delay in this case pending resolution of that appeal will be reasonable in length.[2]  And if that does not turn out to be the case, any party may petition the Court to lift or partially lift the stay for good cause, as the State did on February 8, 2017.  State Mot. to Partially Lift Stay, Dkt. No. 30.

On balance, this factor does not weigh strongly against the grant of a discretionary stay.

### B. Possible Hardship Or Inequity Resulting From Going Forward

The proponent of a stay need not make a showing of hardship or inequity unless its opponent first demonstrates that there is a "fair possibility" that a stay will cause it injury.  *See Dependable Highway*, 498 F.3d at 1066.  That has not been done here.  If it had, there is scant evidence of hardship or inequity if the Court were to require Defendants to proceed.  Defendants summarize their hardship in these terms: they "should not be required to defend against the State of Hawaii's identical legal claims in two cases simultaneously."  Mem. in Supp. of Mot. to Stay at 10–11. Why the United States Department of Justice, what some describe as the largest law

---

[2]Indeed, the Ninth Circuit heard oral arguments just three days after the defendants filed their notice of appeal in the Western District of Washington case, indicating that adjudication of the emergency TRO effectively nullifying the countrywide Executive Order that is the subject of this dispute, will be greatly accelerated.  *Cf.*, *e.g.*, *Unitek Solvent Servs. v. Chrysler Grp.*, 2014 WL 12576648, at *3 (D. Haw. Jan. 14, 2014) (explaining that stay of district court's proceedings pending the Ninth Circuit's resolution of an interlocutory appeal was "reasonable in length" because the appeal "ha[d] been expedited in accordance with Ninth Circuit rules" and "briefing [would] be completed [within] th[e] month").

firm in the world, is not able to litigate similar claims on a mere two fronts without claiming burden is beyond this Court.[3] Moreover, in this circuit, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity" for purposes of a stay. *Lockyer*, 398 F.3d at 1112 (internal quotations omitted). Indeed, hardship or inequity may result to *both parties* if the Court does not pause to consider issues in the Western District of Washington appeal because of the potential for inconsistent rulings and resulting confusion to law enforcement agencies and the public, as discussed more fully below.

In any event, because Defendants are only required to "make out a clear case of hardship" if there is a "fair possibility that the stay. . .will work damage to someone else," *CMAX*, 300 F.2d at 268, and given that no such damage can occur while the Western District of Washington TRO remains in place, the Court finds that this factor is neutral.

C.     **The Orderly Course Of Justice**

Last, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could

---

[3]The Court is not asserting that this case, together with the one pending in the Western District of Washington, represent the only two cases nationwide that present similar issues surrounding challenges to the Executive Order.  The Court simply asserts that these are the only two cited by Defendants in support of their hardship contentions.

be expected from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–55).

Given the significant overlap of the issues presented here and in *Washington v. Trump*, granting the stay while the nationwide injunction continues in place pending the outcome of appellate proceedings would facilitate the orderly course of justice. In particular, the Ninth Circuit's ruling – and any subsequent appellate pronouncement – will likely be dispositive of, or at least dispositive of many of the issues presented by, the State's Motion for TRO. These issues include State standing, as well as the Establishment Clause, Due Process and/or Equal Protection bases for relief cited by the State. The appellate court's binding decisions in *Washington v. Trump* could obviate the need for this Court to decide the same issues where the scope of the relief sought by the State is identical to the nationwide TRO already in place. The State acknowledges as much. *See* State's Emergency Mot. to Intervene, *Wash. v. Trump*, No. 17-35105 (9th Cir.), Dkt. No. 21-1 at 4-5, 9.[4]

---

[4]According to the State, the pending appeal in *Washington v. Trump* -

> concerns the validity of an order that is protecting Hawai'i and its citizens from irreparable harm, and that is identical to one Hawai'i is seeking in the District of Hawai'i. [The Ninth Circuit's] resolution of this matter will decide whether the state and its citizens are once again subjected to travel bans and discrimination, and may decide whether the State can secure a similar order in its own case.

State's Emergency Mot. to Interv., *Wash. v. Trump*, No. 17-35105 (9th Cir.), Dkt. No. 21-1 at 5.

Because many of the State's legal arguments presented in its Motion for TRO are presently before the Ninth Circuit, it makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court.[5] The more efficient course is to await a pronouncement from the governing appellate bodies, at which point the bulk of the determinative issues may very well be settled in most material respects. *See, e.g.*, *Landis*, 299 U.S. at 256 (explaining that even if a decision of the pending case "may not settle every question of fact and law" in suits in other states, "in all likelihood it will settle many and simplify them all."); *Fed. Home Loan Mortg. Corp. v. Kama*, 2016 WL 922780, at *8–9 (D. Haw. Mar. 9, 2016) (ordering a stay, sua sponte, of the proceedings pending resolution of related cases before the Ninth Circuit because resolution of those cases "w[ould] likely involve an analysis of" issues obscured by recent jurisprudence from the Hawaii Supreme Court, thereby "provid[ing] further guidance" to this Court with respect to the case in question). Any remaining issues can then be taken up by this Court, as needed, with the benefit of the Ninth Circuit's analysis.

---

[5]According to the State, it asserts unique arguments not yet raised in *Washington v. Trump*, including: (1) that Sections 3 and 5(e) of the Executive Order violate the Establishment Clause; (2) allegations of additional violations of the INA based on the nationality-based classifications and the limited grant of authority to the President under Section 212(f); and (3) limits on the President's plenary powers over immigration and foreign affairs. *See generally* State's Emergency Mot. to Interv., *Wash. v. Trump*, No. 17-35105 (9th Cir.), Dkt. No. 21-1.

In fact, granting the stay request would not only promote judicial economy, but would also reduce the risk of inconsistent rulings that the appellate courts might then need to disentangle.  Moreover, in cases where significant litigation is likely to take place during the pendency of an appeal, courts have granted a stay as a means of conserving judicial resources.  *See, e.g., Canal Properties LLC v. Alliant Tax Credit V, Inc.*, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (granting stay where case on appeal was likely to have preclusive effect and substantial litigation would likely take place during the pendency of the appeal).

Considerable resources necessary for litigating the State's Motion for TRO may be wasted if the appellate court's controlling decision changes the applicable law or the relevant landscape of facts that need to be developed.  Consequently, a stay would preserve resources for both the parties and the Court and serve "the orderly course of justice" by "simplifying . . . issues, proof, and questions of law." This factor weighs significantly in favor of a stay.

**D.    Summary**

Having considered the relevant factors, the Court, in its discretion, concludes that a stay of pending deadlines in this action is appropriate to allow the appellate courts to consider the pending, related proceedings on an expedited basis.  A temporary stay during which the existing nationwide injunction remains in place

permits the Court and the parties to benefit from any appellate rulings that are binding on this district court. The risk of inconsistent rulings and duplicative litigation warrants granting the motion, particularly where, as here, there is an absence of significant harm from the granting of a stay. *See Lockyer*, 398 F.3d at 1112 (weighing the balance of hardships between the parties and the prospect of narrowing the factual and legal issues in the other proceeding in deciding the motion for stay). Accordingly, the Court finds that a stay is the most efficient and fairest course of action where there are independent and likely controlling proceedings which bear upon this case. *See Levya*, 593 F.2d at 863.

## **CONCLUSION**

Based on the foregoing, the Emergency Motion to Stay is GRANTED IN PART. This matter is stayed as long as the February 3, 2017 injunction entered in

///

///

///

///

*Washington v. Trump* remains in full force and effect, or until further order of this Court.  All further relief requested by the Emergency Motion to Stay is DENIED.

IT IS SO ORDERED.

Dated: February 9, 2017 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
United States District Judge

_____
*State of Hawaiʻi v. Trump, et al.*; CV 17-00050 DKW-KJM; **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EMERGENCY MOTION TO STAY DEADLINES PENDING RESOLUTION OF APPELLATE PROCEEDINGS REGARDING NATIONWIDE INJUNCTION**