DOUGLAS S. CHIN (Bar No. 6465)
  Attorney General of the State of Hawai'i
DEPARTMENT OF THE ATTORNEY
  GENERAL, STATE OF HAWAI'I
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239
  *Attorneys for Plaintiff, State of Hawai'i*

NEAL K. KATYAL*
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Fax: (202) 637-5910
*Admitted Pro Hac Vice*

  *Attorneys for Plaintiffs, State of
    Hawai'i and Ismail Elshikh*

(See Next Page For Additional Counsel)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| STATE OF HAWAI'I and ISMAIL ELSHIKH,<br><br>          Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY, in his official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF STATE; REX TILLERSON, in his official capacity as Secretary of State; and the UNITED STATES OF AMERICA,<br><br>          Defendants. | Civil Action No. 1:17-cv-00050-DKW-KJM |

## PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

## ADDITIONAL COUNSEL

CLYDE J. WADSWORTH (Bar No. 8495)
Solicitor General of the State of Hawai'i
DEIRDRE MARIE-IHA (Bar No. 7923)
DONNA H. KALAMA (Bar No. 6051)
KIMBERLY T. GUIDRY (Bar No. 7813)
ROBERT T. NAKATSUJI (Bar No. 6743)
  Deputy Attorneys General
DEPARTMENT OF THE ATTORNEY
  GENERAL, STATE OF HAWAI'I
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1500
Fax: (808) 586-1239
Email: deirdre.marie-iha@hawaii.gov

*Attorneys for Plaintiff, State of Hawai'i*

COLLEEN ROH SINZDAK*
MITCHELL P. REICH*
ELIZABETH HAGERTY*
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
Telephone: (202) 637-5600
Fax: (202) 637-5910
Email:
neal.katyal@hoganlovells.com

THOMAS P. SCHMIDT*
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Fax: (212) 918-3100

SARA SOLOW*
ALEXANDER B. BOWERMAN*
HOGAN LOVELLS US LLP
1835 Market St., 29th Floor
Philadelphia, PA 19103
Telephone: (267) 675-4600
Fax: (267) 675-4601

*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs, State of
  Hawai'i and Ismail Elshikh*

## PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Pursuant to Local Rule 7.6 for the United States District Court for the District of Hawai'i and Rules 7 and 15(a) of the Federal Rules of Civil Procedure, Plaintiffs State of Hawai'i (the "State") and Ismail Elshikh (together, "Plaintiffs"), by and through their counsel, respectfully request that the Court lift its Order of February 7, 2017 (the "Stay Order") staying proceedings in this case (Dkt. No. 27) and grant Plaintiffs leave to file a Second Amended Complaint.

Plaintiffs have conferred with counsel for the Government.  By correspondence of March 7, 2017, the Government consents to Plaintiffs' request to lift the stay in order to challenge the new Executive Order.  The Government takes no position on Plaintiffs' motion for leave to file a Second Amended Complaint.

The Court's Stay Order was rooted in an injunction against the enforcement of an Executive Order that has now been revoked and replaced by a new Executive Order issued on March 6, 2017.  The new Executive Order was the subject of Defendants' March 6, 2017 filing before this Court.  (Dkt. No. 56).  The Executive Order will take effect at 6:01 PM Hawaii Standard Time (H.S.T.) on March 15, 2017 and will immediately threaten grave harm to Plaintiffs.  Reopening these proceedings and allowing Plaintiffs to file a Second Amended Complaint that challenges the new Executive Order will allow the State of Hawai'i to act to

3

protect its sovereign interests, its educational institutions, and its residents and employers, and it will allow Dr. Elshikh to vindicate his constitutional and statutory rights.  Accordingly, there is good cause for this Court to lift the stay and allow Plaintiffs to file a Second Amended Complaint.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On February 3, 2017, the State of Hawai'i filed a Complaint (Dkt. No. 1) and a Motion for Temporary Restraining Order (Dkt. No. 2) in this Court, relating to President Trump's first Executive Order barring individuals from seven Muslim-majority countries from entering the United States, which he signed on January 27, 2017.  The same day that Hawai'i filed its Complaint, the District Court for the Western District of Washington entered a nationwide temporary restraining order, enjoining Defendants from implementing the first Executive Order.  *See Washington v. Trump*, 2:17-cv-141 (W.D. Wash.).  On February 3, 2017, this Court set a briefing schedule on Plaintiffs' TRO motion—instructing that the Government file a response by February 7, 2017, at 12:00 noon (H.S.T.)—and determined the hearing date on the TRO motion would be February 8, 2017, at 9:30 A.M. (H.S.T.).  The Government filed a motion for an emergency stay in the Ninth Circuit regarding the TRO issued by the District Court for the Western District of Washington, and it asked this Court to stay all deadlines in this case pending the resolution of the appellate proceedings in the Ninth Circuit.  (Dkt. No.

4

23).  On February 7, 2017, this Court entered an Order (the "Stay Order") staying this matter so long as the February 3, 2017 injunction entered by the District Court for the Western District of Washington remains in place, or until further order of the Court. (Dkt. No. 27).

This Court partially lifted the stay on February 13, 2017 and granted the State of Hawai'i leave to file a First Amended Complaint. (Dkt. No. 36).  That same day, Plaintiffs filed a First Amended Complaint in this case, which added Dr. Elshikh as a Plaintiff and also added several causes of action challenging the legality of the first Executive Order. (Dkt. No. 37).

On March 6, 2017,  President Trump signed a new Executive Order entitled Protecting the Nation from Foreign Terrorist Entry into the United States (the "New Executive Order"), which takes effect on March 16, 2017.   Under Section 13 of the new Executive Order, President Trump revoked the prior one—Executive Order  No. 13769—as of the new Order's effective date.  The New Executive Order suspends the entry of foreign nationals to the United States from six Muslim-majority countries for a period of 90 days, and halts the admission of refugees to the United States for 120 days.

On March 7, 2017, the Government moved to voluntarily dismiss their appeal in the Ninth Circuit.  *See* Appellants' Motion for Voluntary Dismissal, *Washington v. Trump*, No. 17-35105 (9th Cir. Mar. 7, 2017), ECF No. 186.

## **ARGUMENT**

**A.  This Court Should Lift its Stay Order in Light of the New Executive Order.**

A Court has inherent power and discretion to lift a stay that it imposed.

*Crawford v. Japan Airlines*, No. CIV. 03-00451 LEK, 2013 WL 2420715, at *6

(D. Haw. May 31, 2013) (internal quotations omitted); *see also* Stay Order at 7-8

(noting that any party may petition the Court to lift the stay for good cause).

"When circumstances have changed such that the court's reasons for imposing the

stay no longer exist or are inappropriate, the court may lift the stay." *Crawford*,

2013 WL 2420715, at *6 (internal quotations omitted).  After this Court entered its

Stay Order on February 7, President Trump issued a new Executive Order that

supersedes the prior one.  This has significantly changed the circumstances such

that this Court's initial "reasons for imposing the stay no longer exist or are

inappropriate." *Id.*

The Court's Stay Order relied on the fact that the Ninth Circuit's "binding

decisions in *Washington v. Trump* could obviate the need for this Court to decide

the same issues where the scope of the relief sought by the State is identical to the

nationwide TRO already in place." Stay Order at 10.   But the Government has

moved to dismiss its Ninth Circuit appeal.  It is therefore unlikely that the Ninth

Circuit proceedings will resolve the issues raised by the Second Amended

Complaint Plaintiffs seek to file, or by Plaintiffs' forthcoming motion for a temporary restraining order against the new Executive Order.

Moreover, the Court's Stay Order relied on the conclusion that the "Western District of Washington's nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit." Stay Order at 6. In light of the new Executive Order, that appears to be no longer the case. The new Executive Order is resulting in the establishment of religion in the State of Hawai'i contrary to its State Constitution; it is inflicting immediate damage to Hawaii's economy, educational institutions, and tourism industry; and it is subjecting a portion of the State's citizens to second-class treatment and discrimination, while denying all Hawai'i residents the benefits of an inclusive and pluralistic society. The new Executive Order is also denying Dr. Elshikh his fundamental rights under the First and Fifth Amendments and federal statutes by treating him unfairly on the basis of his national origin, while establishing a disfavored religion in this country. These are immediate harms that must be remedied.

Accordingly, an immediate lifting of this Court's earlier Stay Order is appropriate and necessary to allow Plaintiffs to protect their rights and interests against the new Executive Order. *See, e.g.*, *Crawford*, 2013 WL 2420715, at *6; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (the proponent of a stay "must make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work

damage to someone else").

**B.  This Court Should Allow Plaintiffs to File a Second Amended Complaint.**

Simultaneous with lifting the stay, this Court should grant Plaintiffs leave to

file a Second Amended Complaint to challenge the new Executive Order.  Federal

Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint "shall

be freely given when justice so requires."  Local Rule 7.6 for the United States

District Court for the District of Hawaiʻi further requires that "[f]actual contentions

made in support of or in opposition to any motion shall be supported by affidavits

or declarations," and that "[a]ny statement made upon information or belief shall

specify the basis therefor."

A district court has discretion to allow a party to amend a pleading.  *See*

*Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971) (citation

omitted).  The Ninth Circuit has explained that this rule is to be interpreted with

"extreme liberality," *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th

Cir.1990) (quoting *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981)).  In

determining whether to allow amendment, courts consider: (1) whether the movant

has acted with undue delay, bad faith or dilatory motive; (2) whether the opponent

would be unduly prejudiced by amendment; (3) whether there have been repeated

failures to cure, and (4) whether amendment would be futile.  *See Foman v. Davis,*
371 U.S. 178, 182 (1962).

Here, the factors overwhelmingly favor amendment of Plaintiffs' First
Amended Complaint.  There is no bad faith, undue delay, or dilatory motive by
Plaintiffs, as they are seeking leave to amend their complaint a mere one day after
the new Executive Order was issued.  Defendants will not be prejudiced by
allowing Plaintiffs to file a Second Amended Complaint; it is Defendants, after all,
who necessitated a new complaint by issuing a new Executive Order that will
cause many of the same harms as the first one.  Plaintiffs, meanwhile, would be
significantly prejudiced if they are not allowed to amend their complaint to
challenge the legality of the new Executive Order.  The underlying counts of the
Second Amended Complaint are the very same ones in the First Amended
Complaint; no new substantive counts have been added.  Further, there are no
issues related to failure to cure and futility.  Consequently, it is in the interest of
justice to allow Plaintiffs to amend their complaint to challenge the illegality and
unconstitutionality of the New Executive Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to
immediately lift the stay entered on February 7, 2017 and grant Plaintiffs leave to
file a Second Amended Complaint.

DATED:      Honolulu, Hawai'i, March 7, 2017.

Respectfully submitted,

*/s/ Neal K. Katyal*

DOUGLAS S. CHIN (Bar No. 6465)          NEAL K. KATYAL*
  Attorney General of the State of Hawai'i   COLLEEN ROH SINZDAK*
CLYDE J. WADSWORTH (Bar No. 8495)   MITCHELL P. REICH*
  Solicitor General of the State of Hawai'i   ELIZABETH HAGERTY*
DEIRDRE MARIE-IHA (Bar No. 7923)       THOMAS P. SCHMIDT*
DONNA H. KALAMA (Bar No. 6051)        SARA SOLOW*
KIMBERLY T. GUIDRY (Bar No. 7813)      ALEXANDER B. BOWERMAN*
ROBERT T. NAKATSUJI (Bar No. 6743)    HOGAN LOVELLS US LLP
  Deputy Attorneys General
DEPARTMENT OF THE ATTORNEY           *Admitted Pro Hac Vice*
  GENERAL, STATE OF HAWAI'I

*Attorneys for Plaintiff, State of Hawai'i*        *Attorneys for Plaintiffs, State of*
                                          *Hawai'i and Ismail Elshikh*

10