OF COUNSEL:

DAVIS LEVIN LIVINGSTON

| | |
|---|---|
| MARK S. DAVIS | 1442-0 |
| MICHAEL K. LIVINGSTON | 4161-0 |
| MATTHEW C. WINTER | 8464-0 |

851 Fort Street, Suite 400
Honolulu, Hawaii  96813
Tel:  (808) 524-7500 Fax: (808) 545-7802
Email:  mdavis@davislevin.com

LANE POWELL PC

CLAIRE LOEBS DAVIS        *[Pro Hac Vice]*
JESSICA N. WALDER
TAYLOR WASHBURN
AARON SCHAER
1420 Fifth Avenue, Suite 4200
Seattle, WA  98111
Tel:   (206) 223-7000  Fax: (206) 223-7107
Email:  davisc@lanepowell.com

Attorneys for *Amicus Curiae* Law Professors

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **STATE OF HAWAII** AND **ISMAIL ELSHIKH**,<br><br>Plaintiffs,<br><br>vs.<br><br>**DONALD J. TRUMP**, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES; **U.S. DEPARTMENT OF HOMELAND SECURITY; JOHN F. KELLY**, IN HIS OFFICIAL CAPACITY AS SECRETARY OF HOMELAND SECURITY; **REX TILLERSON**, IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE; AND THE **UNITED STATES OF AMERICA**,<br><br>Defendants. | CIV. NO.  17-00050 DKW-KSC<br><br>**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF THE LAW PROFESSORS ; EXHIBIT A; AND CERTIFICATE OF SERVICE** |

# MOTION FOR LEAVE TO FILE
# AMICUS BRIEF OF THE LAW PROFESSORS

## I.   INTRODUCTION

Non-party law professors, Todd Aagaard, Robin Kundis Craig, Brigham Daniels, Lincoln L. Davies, Noah Hall, Alexandra B. Klass, David Owen, Zygmunt J. B. Plater, Alexander T. Skibine, Lisa Grow Sun, Joseph P. Tomain, and Amy J. Wildermuth, ("the Law Professors") hereby move for leave to file an *amicus curiae* brief, and for the Court to consider the Law Professors' attached brief on the issue of state standing. *See* Exhibit A. Plaintiffs have consented to the filing of this brief, while Defendants have indicated that they take no position.

The Law Professors respectfully request that the Court consider this brief because the Law Professors are scholars on the issue of state standing and hope the Court may benefit from their analysis on this issue. The Law Professors maintain a neutral position on the underlying merits of the case, and are not filing this brief in support of either party. The Law Professors rather seek to offer guidance to the Court to help resolve the issue of state standing consistent with current law.

## II.   INTEREST OF THE LAW PROFESSORS

The Law Professors are scholars who have spent considerable time studying the question of state standing. As such, the Law Professors have a strong interest in

ensuring that the Court's decision on standing is consistent with this complicated, evolving body of law.

The Law Professors are professors at law schools across the country who research, teach, and write on constitutional law, federal courts and administrative law. The Law Professors are all particularly interested in questions of state standing, and continue to research, read, and follow this area of the law.

- Todd Aagaard is the Vice Dean of the Villanova University Charles Widger School of Law. His teaching and research focuses on administrative law, property law, energy law, and environmental law.

- Robin Kundis Craig is the William H. Leary Professor of Law at the S.J. Quinney College of Law at the University of Utah. She researches the law and policy of "all things water," including water rights, water pollution, and ocean and coastal issues, as well as climate change adaptation and the intersection of constitutional and environmental law.

- Brigham Daniels is a Professor of Law at Brigham Young University. He writes and teaches on a variety of topics in environmental law, property law, natural resources law, and administrative law.

- Lincoln L. Davies is the Associate Dean for Academic Affairs, the Hugh B. Brown Professor of Law, and a Presidential Scholar at the University of Utah. His research focuses on administrative law, including standing issues, and on energy and environmental regulation.

- Noah Hall is a Professor of Law at Wayne State University and Scholarship Director of the Great Lakes Environmental Law Center. His research focuses on federalism, state sovereignty, and interstate environmental disputes.

- Alexandra B. Klass is a Professor of Law at the University of Minnesota. She teaches and writes in the areas of energy law, environmental law, natural resources law, tort law, property law, and administrative law.

- David Owen is a Professor of Law at the University of California-Hastings. Professor Owen teaches courses in environmental, natural resources, water, and administrative law, and he researches in these same areas.

- Zygmunt J. B. Plater is a Professor of Law at Boston College Law School, teaching and researching in the areas of environmental, property, land use, and administrative agency law.

- Alexander T. Skibine is a Professor of Law at the S.J. Quinney College of Law at the University of Utah. Professor Skibine has published many

4

articles in the area of federal Indian law and he is frequently invited to speak on federal Indian law issues at venues around the country. He teaches administrative law, constitutional law, torts, and federal Indian law.

- Lisa Grow Sun is an Associate Professor at the J. Reuben Clark Law School at Brigham Young University. She teaches constitutional law, torts, and disaster law, and her research focuses on disaster law.

- Joseph P. Tomain is Dean Emeritus and the Wilbert and Helen Ziegler Professor of Law at University of Cincinnati College of Law. A highly respected professor and scholar, his teaching and research interests focus in the areas of energy law, land use, regulatory policy, and contracts.

- Amy J. Wildermuth is the Associate Vice President for Faculty, Chief Sustainability Officer, and a Professor of Law at the University of Utah. She teaches and writes on civil procedure, administrative law, and U.S. Supreme Court practice.

### III.  ARGUMENT IN SUPPORT OF LEAVE TO FILE

There is no rule, local rule, or statute prescribing the procedure for leave to file an *amicus* brief in this Court. However, it is widely recognized that district courts have "broad discretion" to appoint *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515

U.S. 472 (1985); *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013). As such, "[d]istrict courts may consider *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *Skokomish Indian Tribe*, 2013 5720053 at *1 (internal citations omitted). "Historically, amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999) (internal citations omitted). Thus, an *amicus* brief is "designed to supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration." *Id*.

The Law Professors seek leave to file the accompanying memorandum to offer their unique perspective on the underlying standing issue. The Law Professors have previously been granted leave to file *amicus* briefs on this issue before the Ninth Circuit and the Western District of Washington. *See State of Washington v. Trump*, 9th Cir. No. 17-35105, Dkt. 135; *State of Washington v.*

*Trump*, W.D. Wash. No. 2:17-cv-00141, Dkt. 51. The Professors believe that their analysis on this issue will provide the Court valuable insight on this question. For example, Professor Wildermuth was counsel of record for several states appearing as *amici curiae* in *Massachusetts* v. *United States Environmental Protection Agency*[1] *on the issue of state standing and* has published law review articles on this question. *See* Amy J. Wildermuth, *Why State Standing in* Massachusetts v. EPA *Matters*, 27 J. LAND, RESOURCES, & ENVTL. L. 273 (2007); *Kathryn A. Watts & Amy J. Wildermuth,* Massachusetts v. EPA: *Breaking New Ground on Issues Other Than Global Warming*, 102 NW. U. L. REV. 1029 (2008), 102 NW. U. L. REV. COLLOQUY 1 (2007); *Brief of the States of Arizona, Iowa, Maryland, Minnesota, and Wisconsin, as Amici Curiae in Support of Petitioners, Massachusetts v. United States Environmental Protection Agency, 549 U.S. 497 (2007) (No. 05-1120), 2006 WL 2563380.*

There are no rules governing the timeline for submission for *amici curiae* in district court. *Skokomish Indian Tribe*, 2013 WL 5720053, at *2. The Federal Rules of Appellate Procedure provide some guidance on timing, but those rules would not apply here in light of the expedited briefing schedule. As such, the Law Professors have endeavored to provide the Court their brief as quickly as possible, and in advance of the March 15, 2017 hearing on the State of Hawaii's TRO.

---

[1] *Massachusetts v. EPA* is one of the seminal cases on the question of state standing.

## III. CONCLUSION

For the foregoing reasons, the Court should grant this motion and should consider the Law Professor's brief regarding state standing.

DATED:  Honolulu, Hawaiʻi, March  11, 2017.

      /S/  CLAIRE LOEBS DAVIS

MARK S. DAVIS
MICHAEL K. LIVINGSTON
MATTHEW C. WINTER

LANE POWELL LLC
CLAIRE LOEBS DAVIS

Attorneys for
Amicus Curiae Law Professors