| | |
|---|---|
| **Subject:** | (SBU) IMPLEMENTING EXECUTIVE ORDER 13780 FOLLOWING SUPREME COURT RULING -- GUIDANCE TO VISA-ADJUDICATING POSTS |

1. (SBU) Summary:  On June 26, 2017, the Supreme Court partially lifted preliminary injunctions that barred the Department from enforcing section 2 of Executive Order (E.O.) 13780, which suspends the entry to the United States of, and the issuance of visas to, nationals of six designated countries, as well as section 6, which relates to the Refugee Admissions Program.  A June 14, 2017 Presidential Memorandum announced each enjoined provision would become effective the date and time at which the referenced injunctions are lifted or stayed, with implementation of each relevant provision within 72 hours after all applicable injunctions are lifted or stayed with respect to that provision. As a result, implementation of those sections for which injunctions have been lifted will begin June 29, 2017, as detailed below.

2. (SBU) This cable provides guidance for implementing provisions of section 2(c) of the E.O. impacting visa adjudication and issuance procedures.  The E.O.'s 90-day suspension of entry will be implemented worldwide at 8:00 p.m. Eastern Daylight Time (EDT) June 29, 2017.  All visa adjudicating posts should carefully review and prepare to implement this guidance at that time or at opening of the next business day if not open at 8:00 p.m. EDT June 29, 2017.  Any modifications to this guidance, due to litigation or other reasons, will be sent in a subsequent cable.  Public talking points and additional operational resources will be updated and available on [CA Web](CA Web).  End Summary.

3. (SBU) The Supreme Court's partial lifting of the preliminary injunctions allows the E.O.'s suspension to be enforced only against foreign nationals who lack a "bona fide relationship with a person or entity in the United States."  Therefore, applicants who are nationals of the affected countries who are determined to be otherwise eligible for visas and to have a credible claim of a bona fide relationship with a person or entity in the United States are exempt from the suspension of entry in the United States as described in section 2(c) of the E.O.  Applicants who are nationals of the affected countries and who are determined to be otherwise eligible for visas, but who are determined not to have a qualifying relationship, must be eligible for an exemption or waiver as described in section 3 of the E.O. in order to be issued a visa.  For adjudication purposes, the Supreme Court criteria have been couched in this guidance as exemptions from the E.O.'s suspension of entry in paragraph 10.

**(SBU) Suspension of Entry into the United States for Aliens from Certain Countries**

4. (SBU) The E.O. exercises the President's authority under sections 212(f) and 215(a)(1) of the Immigration and Nationality Act (INA) and suspends for 90 days entry into the United States of, and issuance of visas to, certain aliens from the following countries:  Iran, Libya, Somalia, Sudan, Syria, and Yemen.  Implementation of the suspension, for purposes of visa issuance, will begin at 8:00 p.m. EDT June 29, 2017, worldwide.  The suspension of entry in the E.O. does not apply to individuals who are inside the United States on June 29, 2017, who have a valid visa on June 29, 2017, or who had a valid visa at 8:00 p.m. EDT January 29, 2017, even after their visas expire or they leave the United States.  The suspension of entry also does not apply to other categories of individuals, as detailed below.  No visas will be revoked based on the E.O., even if

# EXHIBIT A

issued during the period in which Section 2(c) was enjoined by court order or during the 72-hour implementation period.  New applicants will be reviewed on a case-by-case basis, with consular officers taking into account the scope and exemption provisions in the E.O. and the applicant's qualification for a discretionary waiver.  Direction and guidance to resume normal processing of visas following the 90-day suspension will be sent septel.

**(SBU) Nonimmigrant Visas**

5. (SBU) GSS vendors and posts will continue scheduling NIV applicants of the six indicated nationalities.  The E.O. provides for a number of exemptions from its scope and includes waiver provisions, and whether an applicant is exempt or qualified for a waiver can only be determined on a case-by-case basis during the course of a visa interview.

6. (SBU) Beginning 8:00 p.m. EDT June 29, 2017, NIV applicants presenting passports from any of the six countries included in the E.O. should be interviewed and adjudicated following these procedures:

> a.) Officers should first determine whether the applicant is eligible for a visa under the INA, without regard to the E.O.  If the applicant is not eligible, the appropriate refusal code should be entered into the Consular Lookout and Support System (CLASS).  See 9 FAM 303.3-4(A).  Posts must follow existing FAM guidance in 9 FAM 304.2 to determine whether an SAO must be submitted.  Applicants found ineligible for grounds unrelated to the E.O. should be refused according to standard procedures.

> b.) If an applicant is found otherwise eligible for the visa, the consular officer will need to determine during the interview whether the applicant is exempt from the E.O.'s suspension of entry provision (see paragraphs 10-13), and if not, whether the individual qualifies for a waiver (see paragraphs 14 and 15).

> c.) Applicants who are not exempt from the E.O.'s suspension of entry provision and who do not qualify for a waiver should be refused by entering the code "EO17" into the Consular Lookout and Support System (CLASS).  As coordinated with DHS, this code represents a Section 212(f) denial under the E.O.

**(SBU) Immigrant Visas**

7. (SBU) The National Visa Center (NVC) will continue to schedule immigrant visa (IV) appointments for all categories and all nationalities.  Posts should continue to interview all other IV applicants presenting passports from any of the six countries included in the E.O., following these procedures:

> a.) Officers should first determine whether the applicant is eligible for the visa, without regard to the E.O.  If the applicant is not eligible, the application should be refused according to standard procedures.

> b.) If an applicant is found otherwise eligible for the visa, the consular officer will need to

determine during the interview whether the applicant is exempt from the E.O.'s suspension of entry provision (see paragraphs 10-13), and if not, whether the applicant qualifies for a waiver (paragraphs 14 and 15).

c.) Immigrant visa applicants who are not exempt from the E.O.'s suspension of entry provision and who do not qualify for a waiver should be refused 221(g) and the consular officer should request an advisory opinion from VO/L/A.

**(SBU) Diversity Visas**

8. (SBU) For Diversity Visa (DV) applicants already scheduled for interviews falling after the E.O. implementation date of 8:00 p.m. EDT June 29, 2017, post should interview the applicants. Posts should interview applicants following these procedures:

a.) Officers should first determine whether the applicant is eligible for the DV, without regard to the E.O. If the applicant is not eligible, the application should be refused according to standard procedures.

b.) If an applicant is found otherwise eligible, the consular officer will need to determine during the interview whether the applicant is exempt from the E.O.'s suspension of entry provision (see paragraphs 10-13), and if not, whether the applicant qualifies for a waiver (paragraphs 14 and 15).

c.) DV applicants who are not exempt from the E.O.'s suspension of entry provision and who do not qualify for a waiver should be refused 221(g) and the consular officer should request an advisory opinion from VO/L/A following current guidance in 9 FAM 304.3-1.

Based on the Department's experience with the DV program, we anticipate that very few DV applicants are likely to be exempt from the E.O.'s suspension of entry or to qualify for a waiver. CA will notify DV applicants from the affected nationalities with scheduled interviews of the additional criteria to allow the potential applicants to determine whether they wish to pursue their application.

9. (SBU) The Kentucky Consular Center (KCC) will continue to schedule additional DV-2017 appointments for cases in which the principal applicant is from one of these six nationalities. While the Department is mindful of the requirement to issue Diversity Visas prior to the end of the Fiscal Year on September 30, direction and guidance to resume normal processing of visas following the 90-day suspension will be sent septel.

**(SBU) Individuals Who Are Exempt from the E.O.'s Suspension of Entry**

10. (SBU) The E.O.'s suspension of entry does not apply to the following:

a.) Any applicant who has a credible claim of a *bona fide* relationship with a person or entity in the United States. Any such relationship with a "person" must be a close familial relationship, as defined below. Any relationship with an entity must be formal, documented,

*and formed in the ordinary course, rather than for the purpose of evading the E.O. Note: If you determine an applicant has established eligibility for a nonimmigrant visa in a classification other than a B, C-1, D, I, or K visa, then the applicant is exempt from the E.O., as their bona fide relationship to a person or entity is inherent in the visa classification. Eligible derivatives of these classifications are also exempt. Likewise, if you determine an applicant has established eligibility for an immigrant visa in the following classifications -- immediate relatives, family-based, and employment-based (other than certain self-petitioning employment-based first preference applicants with no job offer in the United States and SIV applicants under INA 101a(27)) -- then the applicant and any eligible derivatives are exempt from the E.O.*

b.) Any applicant who was in the United States on June 26, 2017;

c.) Any applicant who had a valid visa at 5:00 p.m. EST on January 27, 2017, the day E.O. 13769 was signed;

d.) Any applicant who had a valid visa on June 29, 2017;

e.) Any lawful permanent resident of the United States;

f.) Any applicant who is admitted to or paroled into the United States on or after June 26, 2017;

g.) Any applicant who has a document other than a visa, valid on June 29, 2017, or issued on any date thereafter, that permits him or her to travel to the United States and seek entry or admission, such as advance parole;

h.) Any dual national of a country designated under the order when traveling on a passport issued by a non-designated country;

i.) Any applicant travelling on an A-1, A-2, NATO-1 through NATO-6 visa, C-2 for travel to the United Nations, C-3, G-1, G-2, G-3, or G-4 visa, or a diplomatic-type visa of any classification;

j.) Any applicant who has been granted asylum; any refugee who has already been admitted to the United States; or any individual who has been granted withholding of removal, advance parole, or protection under the Convention Against Torture; and

k.) Any V92 or V93 applicant.

11. (SBU) "Close family" is defined as a parent (including parent-in-law), spouse, child, adult son or daughter, son-in-law, daughter-in-law, sibling, whether whole or half. This includes step relationships. "Close family" does not include grandparents, grandchildren, aunts, uncles, nieces, nephews, cousins, brothers-laws and sisters-in-law, fiancés, and any other "extended" family members.

12. (SBU) A relationship with a "U.S. entity" must be formal, documented, and formed in the

ordinary course rather than for the purpose of evading the E.O.  A consular officer should not issue a visa unless the officer is satisfied that the applicant's relationship complies with these requirements and was not formed for the purpose of evading the E.O.  For example, an eligible I visa applicant employed by foreign media that has a news office based in the United States would be covered by this exemption.  Students from designated countries who have been admitted to U.S. educational institutions have a required relationship with an entity in the United States.  Similarly, a worker who accepted an offer of employment from a company in the United States or a lecturer invited to address an audience in the United States would be exempt.  In contrast, the exemption would not apply to an applicant who enters into a relationship simply to avoid the E.O.:  for example, a nonprofit group devoted to immigration issues may not contact foreign nationals from the designated countries, add them to client lists, and then secure their entry by claiming injury from their inclusion in the E.O.  Also, a hotel reservation, whether or not paid, would not constitute a bona fide relationship with an entity in the United States.

13.  (SBU) When issuing an IV or an NIV to an individual who falls into one of the categories listed in paragraph 10, the visa should be annotated to state, "Exempt or Waived from E.O. 13780."  Interviewing officers must also enter a clear case note stating the specific reason why the applicant is exempt from the E.O.'s suspension of entry.  If consular officers are unclear if an applicant qualifies for an exemption, the cases should be refused under INA 221(g) and the consular officer should request an advisory opinion from VO/L/A following current guidance in 9 FAM 304.3-1.

**(SBU) Qualification for a Waiver and Process**

14.  (SBU) The E.O. permits consular officers to grant waivers and authorize the issuance of a visa on a case-by-case basis when the applicant demonstrates to the officer's satisfaction that the following three criteria are all met:

    a.) Denying entry during the 90-day suspension would cause undue hardship;

    b.) His or her entry would not pose a threat to national security; **and**

    c.) His or her entry would be in the national interest.

15.  (SBU) The E.O. lists the following examples of circumstances in which an applicant may be considered for a waiver, subject to meeting the three requirements above.  Note that some of the waiver examples listed in the E.O. are now considered exemptions in light of the Supreme Court's ruling.  Consular officers should determine whether individuals are exempt from the E.O. under standards described above, before considering the availability of a waiver under the standards described in this paragraph.  Unless the adjudicating consular officer has particular concerns about a case that causes the officer to believe that that issuance may not be in the national interest, a determination that a case falls under any circumstance listed in this paragraph is a sufficient basis for concluding a waiver is in the national interest.  Determining that a case falls under some of these circumstances may also be a sufficient basis for concluding that denying entry during the 90-day suspension would cause undue hardship:

 a.) The applicant has previously established significant contacts with the United States but is outside the United States on the effective date of the E.O. for work, study, or other lawful activity;

 b.) The applicant seeks to enter the United States for significant business or professional obligations and the denial of entry during the suspension period would impair those obligations;

 c.) The applicant is an infant, a young child, or adoptee, an individual needing urgent medical care, or someone whose entry is otherwise justified by the special circumstances of the case;

 d.) The applicant is traveling for purposes related to an international organization designated under the International Organizations Immunities Act, traveling for purposes of conducting meetings or business with the United States government, or traveling to conduct business on behalf of an international organization not designated under the IOIA; or

 e.) The applicant is a permanent resident of Canada who applies for a visa at a location within Canada.

16. (SBU) Listed in this paragraph are other circumstances in which an applicant may be considered for a waiver, subject to meeting the three requirements in paragraph 14. Consular officers should determine whether individuals are exempt from the E.O. under standards described above, before considering the availability of a waiver under the standards in paragraph 15. Unless the adjudicating consular officer has particular concerns about a case that suggest issuance may not be in the national interest, determining that a case falls under any circumstance listed in this paragraph is a sufficient basis for concluding a waiver is in the national interest. Determining that a case falls under some of these circumstances may also be a sufficient basis for concluding that denying entry during the 90-day suspension would cause undue hardship:

 a.) The applicant is a high-level government official traveling on official business who is not eligible for the diplomatic visa normally accorded to foreign officials of national governments (A or G visa). Examples include governors and other appropriate members of sub-national (state/local/regional) governments; and members of sub-national and regional security forces; and

 b.) Cases where all three criteria in paragraph 14 are met and the Chief of Mission or Assistant Secretary of a Bureau supports the waiver.

17. (SBU) If the applicant qualifies for a waiver based on criteria in paragraphs 14 or 15, the consular officer may issue the visa with the concurrence of the Visa Chief (IV or NIV) or the Consular Section Chief. The visa should be annotated to read, "Exempt or Waived from E.O. 13780." Case notes must reflect the basis for the waiver; the undue hardship that would be caused by denying entry during the suspension; the national interest; and the position title of the

manager concurring with the waiver. To document national interest in case notes in circumstances falling under paragraph 14 or paragraph 15(a), (b), or (c), the consular officer may write, "National interest was established by the applicant demonstrating satisfaction of the requirements for the waiver based on [insert brief description of category of waiver]."

18. (SBU) If the applicant does not qualify under one of the listed waiver categories in paragraphs 14 or 15, but the interviewing officer and consular manager believe that the applicant meets the requirements in paragraph 14 above and therefore should qualify for a waiver, then the case should be submitted to the Visa Office for consideration. These cases should be submitted via email to countries-of-concern-inquiries@state.gov. The Visa Office will review these requests and reply to posts within two business days. Consular officers should be able to approve the majority of waiver cases without review by the Visa Office due to the broad authority granted in the E.O.

**(SBU) Refugees**

19. (SBU) The U.S. Refugee Admissions Program (USRAP) is suspended for 120 days, except for those cases where the Supreme Court has kept the temporary injunction in place for any applicant who has a credible claim of a *bona fide* relationship with a person or entity in the United States. Any such relationship with a "person" must be a close familial relationship, as defined above in paragraph 11. Any relationship with an entity must be formal, documented, and formed in the ordinary course, rather than for the purpose of evading the E.O as described in paragraph 12. We believe that by their nature, almost all V93 cases will have a clear and credible close familial relationship with the Form I-730 petitioner in the United States and qualify for issuance under this exemption.

20. (SBU) Posts should not cancel any V93 appointments, and NVC will continue to schedule new V93 appointment as normal. Beginning 8:00 p.m. EDT Thursday June 29, 2017, V93 applicants presenting passports from any of the six countries included in the E.O. should be interviewed and adjudicated following these procedures:

> a.) Officers should first determine whether the applicant is eligible for a V93 under the current policy, without regard to the E.O. If the applicant is not eligible, the appropriate refusal code should be entered into the Consular Lookout and Support System (CLASS). Applicants found ineligible for grounds unrelated to the E.O. should be refused according to standard procedures. See 9 FAM 203.6.

> b.) If an applicant is found otherwise eligible for the V93 foil, the consular officer will need to determine during the interview whether the applicant is exempt from the E.O.'s suspension of entry provision based on a credible claim of a *bona fide* relationship with a person or entity in the United States per paragraph 19.

> c.) Applicants who are not exempt from the E.O.'s suspension of entry provision should be refused by entering the code "EO17" into the Consular Lookout and Support System (CLASS). Please contact your VO/F liaison with any questions about V93 processing or adjudication under the E.O.

**(SBU) V92 Cases**

21.  (SBU) The E.O. does not affect V92 applicants, and post should adjudicate these cases per standard guidance.

22.  (SBU) Posts with questions regarding this guidance should contact their post liaison officer in CA/VO/F.


**Signature:**             Tillerson