IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI and ISMAIL ELSHIKH,<br><br>            Plaintiffs,<br><br>    vs.<br><br>DONALD J. TRUMP, *et al.*,<br><br>            Defendants. | CV. NO. 17-00050 DKW-KSC<br><br>**ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO CLARIFY SCOPE OF PRELIMINARY INJUNCTION** |

On June 26, 2017, the United States Supreme Court granted certiorari in this matter, granted in part the Government's stay application, "and narrow[ed] the scope of the injunction[]" entered by this Court with respect to Sections 2(c), 6(a), and 6(b) of Executive Order 13,780.[1] *Trump v. Int'l Refugee Assistance Project*, Nos. 16-1436 and 16-1540, slip op. at 11–12 (June 26, 2017) [hereinafter Slip. Op.] (per curiam). Plaintiffs State of Hawaiʻi and Ismail Elshikh, Ph.D. seek clarification from this Court regarding the Supreme Court's modification of the preliminary injunction, in light of the manner in which the Government began implementing the non-enjoined portions of EO-2 on June 29, 2017. *See* Pls.' Emergency Mot. to

---

[1] Executive Order 13,780 is entitled, "Protecting the Nation from Foreign Terrorist Entry into the United States," 82 Fed. Reg. 13209 (Mar. 6, 2017) [hereinafter EO-2].

Clarify Scope of Prelim. Inj., ECF No. 293 [hereinafter Motion]; *see also* Pls.' Proposed Order Granting Mot., ECF No. 315-1 (reflecting consideration of "the preliminary injunction entered on March 29, 2017 (Dkt. No. 270), amended on June [1]9, 2017 (Dkt. No. 291), and modified by subsequent decision of the United States Supreme Court").

Upon careful consideration of the parties' submissions, it is evident that the parties quarrel over the meaning and intent of words and phrases authored not by this Court, but by the Supreme Court in its June 26, 2017 *per curiam* decision. That is, the parties' disagreements derive neither from this Court's temporary restraining order, this Court's preliminary injunction, nor this Court's amended preliminary injunction,[2] but from the modifications to this Court's injunction ordered by the Supreme Court. Accordingly, the clarification to the modifications that the parties seek should be more appropriately sought in the Supreme Court.[3]

---

[2]*See Hawaii v. Trump*, --- F. Supp. 3d ---, 2017 WL 1011673 (D. Haw. Mar. 15, 2017) (TRO); *Hawaii v. Trump*, --- F. Supp. 3d ---, 2017 WL 1167383 (D. Haw. Mar. 29, 2017) (Prelim. Inj.); Am. Prelim. Inj., *Hawaii v. Trump*, CV. NO. 17-00050 (D. Haw. June 19, 2017), ECF No. 291.
[3]Federal Rule of Civil Procedure 62(c) allows this Court to issue further orders with respect to an injunction it issued, notwithstanding appeal. *See Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). "[A]n application with regard to an injunction ordinarily must be made in the first instance to the district court under Rule 62(c) and it is only if relief is not obtained there that the appellate court will consider acting under Rule 62(g)." 11 Wright, Miller, & Kane, Fed. Prac. & Proc. Civ. § 2904 (3d ed. 2013). That is perhaps the reason Plaintiffs opted to proceed here. However, where, as here, the challenges do not derive from this Court's *own* orders, the Court sees no reason why the starting point had to originate here, or even why it made sense to do so.

The Supreme Court stayed the preliminary injunction with respect to Section 2(c) in the following manner—

> The injunctions remain in place only with respect to parties similarly situated to Doe, Dr. Elshikh, and Hawaii. In practical terms, this means that § 2(c) may not be enforced against foreign nationals who have a credible claim of a bona fide relationship with a person or entity in the United States. All other foreign nationals are subject to the provisions of EO-2.

Slip Op. at 12.[4]

---

[4] The Supreme Court explained that the facts in the instant case and in No. 16-1436 (*IRAP*) "illustrate the sort of relationship that qualifies"—

> For individuals, a close familial relationship is required. A foreign national who wishes to enter the United States to live with or visit a family member, like Doe's wife or Dr. Elshikh's mother-in-law, clearly has such a relationship. As for entities, the relationship must be formal, documented, and formed in the ordinary course, rather than for the purpose of evading EO-2. The students from the designated countries who have been admitted to the University of Hawaii have such a relationship with an American entity. So too would a worker who accepted an offer of employment from an American company or a lecturer invited to address an American audience.

Slip Op. at 12. With respect to enjoined portions of Section 6 relating to refugees, the Supreme Court reasoned that the "equitable balance struck [with respect to Section 2(c)] applies in this context as well." Slip Op. at 13. It held that—

> An American individual or entity that has a bona fide relationship with a particular person seeking to enter the country as a refugee can legitimately claim concrete hardship if that person is excluded. As to these individuals and entities, we do not disturb the injunction. But when it comes to refugees who lack any such connection to the United States, for the reasons we have set out, the balance tips in favor of the Government's compelling need to provide for the Nation's security.

> The Government's application to stay the injunction with respect to §§ 6(a) and (b) is accordingly granted in part. Section 6(a) may not be enforced against an individual seeking admission as a refugee who can credibly claim a bona fide relationship with a person or entity in the United States. Nor may § 6(b); that is,

In evaluating the Government's application for a stay, the Supreme Court observed that, "[i]n assessing the lower courts' exercise of equitable discretion, we bring to bear an equitable judgment of our own." Slip Op. at 10 (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). The Supreme Court's equitable judgment to "tailor a stay," *id.*, resulted in modifications to this Court's preliminary injunction. These modifications spurred the Government's subsequent efforts to interpret the stay and implement the non-enjoined portions of EO-2 by June 29, 2017. Plaintiffs' Motion challenges only the Government's interpretation of the Supreme Court's June 26, 2017 stay. To be clear, the standard Plaintiffs ask this Court to clarify—i.e., "a credible claim of a bona fide relationship with a person or entity in the United States," Slip Op. at 12—is not set forth in any order of this Court.[5]

---

such a person may not be excluded pursuant to § 6(b), even if the 50,000-person cap has been reached or exceeded.

*Id*. (citations omitted).

[5]Plaintiffs' briefs acknowledge as much. *See, e.g.*, Pls.' Mem. in Supp. 1, ECF No. 293-1 ("That standard, the Supreme Court made clear, protects any foreign national with a 'close familial relationship' with a person in the United States[.]" (citation omitted)); Pls.' Mem. in Supp. 2 ("This Court should clarify as soon as possible that the Supreme Court meant what it said, and that foreign nationals that credibly claim connections with this country cannot be denied entry under the President's illegal Order."); Pls.' Reply 1, ECF No. 303 ("The Government fundamentally misconstrues the Supreme Court's partial stay. The [Supreme] Court did not concoct an abstract 'bona fide relationship' standard that the Government can tailor to its liking[.]"); Reply 2 ("The Court should correct the Government's path, holding the Government to the clear terms of the Supreme Court's order." (footnote omitted)). *But see* Motion 3 ("The Government has indicated publicly that it will begin enforcing the non-enjoined portions of [EO-2] in a manner that conflicts with this Court's preliminary injunction, as well as the Supreme Court's June 26, 2017 ruling that [EO-2] may not be enforced against foreign nationals and refugees 'who have a credible claim of a bona fide relationship with a person or entity in the United States.'" (quoting Slip Op. at 11, 13)).

Because Plaintiffs seek clarification of the June 26, 2017 injunction modifications authored by the Supreme Court, clarification should be sought there, not here. This Court will not upset the Supreme Court's careful balancing and "equitable judgment" brought to bear when "tailor[ing] a stay" in this matter. Slip Op. at 10. Nor would this district court presume to substitute its own understanding of the stay for that of the originating Court's "exercise of discretion and judgment" in "[c]rafting a preliminary injunction . . . dependent as much on the equities of a given case as the substance of the legal issues it presents." Slip Op. at 9. This Court declines to usurp the prerogative of the Supreme Court to interpret its own order and defers in the first instance. *See Ala. Nursing Home Ass'n v. Harris*, 617 F.2d 385, 388 (5th Cir. 1980) ("Great deference is due the interpretation placed on the terms of an injunctive order by the court who issued and must enforce it."); *cf. Alley v. U.S. Dep't of Health & Human Servs.*, 590 F.3d 1195, 1202 (11th Cir. 2009) ("The district court is in the best position to interpret its own orders." (internal quotation marks omitted)).[6]

---

[6]*See also Regents of the Univ. of Cal. v. Aisen*, No. 15-CV-1766, 2016 WL 4681177, at *1 (S.D. Cal. Sept. 7, 2016) ("The Supreme Court teaches that when questions arise as to the interpretation or application of an injunction order, a party should seek clarification or modification from the issuing court, rather than risk disobedience and contempt.") (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949)).

# CONCLUSION

For the foregoing reasons, Plaintiffs' request for clarification is DENIED without prejudice to its re-filing with the Supreme Court.[7]

IT IS SO ORDERED.

Dated: July 6, 2017 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*State of Hawaii, et al. v. Trump, et al.*; Civil No. 17-00050 DKW-KSC; **ORDER DENYING PLAINTIFFS' EMERGENCY MOTION TO CLARIFY SCOPE OF PRELIMINARY INJUNCTION**

---

[7]Of course, if the Supreme Court wishes for this Court to decide the merits of the issues raised by Plaintiffs' Motion in the first instance, this Court will promptly do so.